UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CIVIL ACTION NO. 08-110-JGW

JOHN COLEBROOK,                PLAINTIFF

v.

KENTUCKY DEPARTMENT OF
MOTOR VEHICLE ENFORCEMENT, et al.,       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant Mark Scott has filed a motion for summary judgment in his individual capacity.[1] Plaintiff has filed a response in opposition, to which defendant Scott has filed a reply.

**I. Factual and Procedural Background**

Defendant Mark Scott is employed with the Kentucky State Police in the Division of Vehicle Enforcement.[2] On June 22, 2007, Officer Scott effected a traffic stop of a vehicle driven by plaintiff John Colebrook on Interstate 75, just south of the Dry Ridge, Kentucky exit. Following the stop, Scott informed Colebrook that he was under arrest for DUI . A struggle or - according to Colebrook -"attack" ensued, *see* Complaint at ¶14-15, during which additional officers (Grant County Deputy Lee Jacobs and Kentucky State Trooper Delsey Kelly) arrived on the scene. Shortly after the arrest, Kentucky State Police Canine Officer Jerry Handy also arrived to assist in locating a container that officers allege Colebrook discarded during his encounter with Scott. Colebrook denies deliberately throwing any container, much less an

---

[1]The parties have consented to disposition of all proceedings, including trial, before the undersigned magistrate judge. See 28 U.S.C. §636(c).

[2]Plaintiff represents that the Department of Vehicle Enforcement merged into the Kentucky State Police after the date of the incident that gave rise to this lawsuit.

alleged container of marijuana.

Because Colebrook was injured, an ambulance was called to transport Colebrook to Saint Elizabeth's Hospital Emergency Room in Grant County. Hospital records reflect that Colebrook arrived at approximately 12:46 a.m. on June 23, 2007, and was treated and discharged approximately two hours later at 2:42 a.m. He was then transported to the Grant County Detention Center.

Officer Scott charged Colebrook with speeding, DUI, menacing, resisting arrest, possession of drug paraphernalia, possession of marijuana, open alcohol container in vehicle, failure to notify of change of address, and tampering with physical evidence. All of the charged offenses, except for tampering with physical evidence, are violations or misdemeanors under Kentucky law.

On September 24, 2007, Colebrook pleaded guilty to the offenses of DUI, speeding, possession of an open alcohol container in vehicle, and failure to notify of change of address. The Grant County Attorney dismissed all remaining charges.

On June 20, 2008, Colebrook filed this action, naming as defendants the Kentucky State Police, the Kentucky Department of Motor Vehicle Enforcement, Unknown Police Officers of the Kentucky State Police, and Officer Scott in both his individual and official capacities. Only one summons was issued for Officer Scott, with service directed to Greg Howard, Commissioner of Vehicle Enforcement. The summons was sent by certified mail to KVE headquarters, and was signed for by Thomas Moore, an employee in Finance and Administration. Prior to filing a responsive pleading, defense counsel and plaintiff's counsel exchanged brief email messages in which service was discussed. An email dated August 18, 2008 from the KSP Legal Office explained that the KSP Legal Office "recently assumed responsibility for KVE," and that they

were "checking on the service of process issue to Officer Scott." The email continued: "Without waiving any issues on sufficiency of service, we would ask that you give us two weeks to track service on officer Scott and to file appropriate responses for Scott and KVE." Doc. 52-2. Plaintiff's counsel subsequently agreed to the requested extension.

On or about August 21, 2008, Officer Scott, solely in his official capacity, moved to dismiss on grounds of immunity. Doc. 5. In addition to Officer Scott in his official capacity, the motion to dismiss was filed by the Kentucky State Police and the Kentucky Department of Motor Vehicle Enforcement.

On August 22, 2008, Officer Scott filed an Answer in his individual capacity along with a counterclaim against Colebrook. Under "defenses" Officer Scott specifically pled and preserved the affirmative defense that "The Complaint should be dismissed due to insufficient service of process." The counterclaim asserts that plaintiff Colebrook committed the tort of assault and battery on defendant Scott.

On March 3, 2009, then-presiding District Judge David L. Bunning granted the motion to dismiss filed by the two law enforcement entities and Officer Scott in his official capacity, leaving only two remaining defendants: Officer Scott in his individual capacity, and "Unknown Police Officers of the Kentucky State Police Department" in their individual capacities. Counts I and III of plaintiff's complaint were dismissed in their entirety.

On March 10, 2009, the court amended its March 3 opinion to clarify that the "unknown" defendant officers were not required to file an answer until such time (if ever) that plaintiff was granted leave to amend his complaint to identify them. Doc. 15. However, the "unknown" defendant officers have never been identified, and no service on them has ever been effected. The last deadline by which plaintiff was to move for leave to amend his complaint to identify the

officers expired on September 15, 2009. Doc. 17. All discovery was completed on April 15, 2010. For reasons explained herein, the court on its own finds that the never-served and unidentified defendants should be dismissed.

As the only identified defendant, Scott seeks summary judgment, or in the alternative partial summary judgment, on two grounds: 1) insufficiency of service of process; and 2) qualified immunity as to all claims except for plaintiff's excessive use of force claim and defendant's counterclaims for assault and battery. It is a close question as to whether defendant Scott is entitled to dismissal of all claims based upon a fatal defect in service, and the parties have not fully briefed several relevant issues. Because the court would benefit from supplemental briefing, the parties will be directed to file supplemental memoranda.

**II. Analysis**

**A. General Standard of Review**

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir.2007) (internal quotation marks omitted). Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The court has construed all relevant facts in favor of the plaintiff, and no material facts are in dispute. Defendant's arguments are well-supported; therefore, defendant is entitled to

4

judgment as a matter of law.

**B. Insufficiency of Service**

Defendant argues that he is entitled to judgment through dismissal of all claims, because the plaintiff did not timely effect service under Rule 4. Rule 4(e) requires personal service of an individual through delivery of the summons and the complaint to the individual, or to his or her dwelling, or by delivery to "an agent authorized...by law to receive service." Service may also be perfected by following the requirements of state law. Pursuant to Rule 4(m), service must be completed within 120 days of the filing of the complaint.

In Kentucky, service on an individual by certified mail is permissible (though not preferred), but personal service is nonetheless required, to the extent that the certified mail must be signed for and accepted by the defendant. *See e.g., Douglas v. University of Kentucky Hospital*, 2008 WL 2152209 (Ky. App. 2008)(CR 4.01(a) provides for service by certified mail but dismissal proper where defendants did not sign receipt); *see also Harris v. City of Cleveland*, 190 F.R.D. 215, 219 n. 9 (N.D. Ohio 1999)(dismissal for failure to serve personally officers in their individual capacities; certified mail to place of employment insufficient); *Weekly v. U.S. Parole Commission*, 707 F. Supp. 282, 285 n.6 (E.D. Ky. 1988)(service on employee at regional office sufficient for service on defendant in official capacity, but not in individual capacity).

Plaintiff suggests that service may have been sufficient because plaintiff served defendant' employer, and/or because the return receipt for the summons bears both Scott's name and Howard's name. However, there is no dispute that the receipt was not signed by Scott. Service on an individual must be personal under Kentucky law. Aside from the receipt itself, Scott has filed an affidavit confirming that he never signed a certified mail receipt for the summons, nor was he personally served. *See generally The Ecclesiastical Order of the Ism of*

5

*Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988)(service on Department of Justice sufficient for defendants in official capacities but not effective service on defendants in individual capacities); *Jones v. Fuller*, 134 S.W.2d 240 (Ky App. 1939)(service on employer not sufficient).

Kentucky rules provide for effective service on an individual's place of business in one circumstance: where the person who receives the summons is the "person in charge" of the office or agency. CR 4.04(9) states:

> Service may be made upon a nonresident individual who transacts business through an office or agency in this state, or a resident individual who transacts business through an office or agency in any action growing out of or connected with the business of such office or agency, by serving the person in charge thereof.

*Id*. The rule has no application in this case, because the summons was signed for by Thomas Moore, an employee who is not alleged to have been "in charge" of the KVE.[3] *See also Douglas v. University of Kentucky Hospital*, 2008 WL 2152209 (service on clerical employee insufficient under rule).

For the most part, plaintiff does not dispute that his attempted service of process was technically deficient under Rule 4 Instead, plaintiff argues that Officer Scott has waived any defect by: 1) making a general appearance both in his Answer and in asserting a Counterclaim; and 2) participating in this litigation for more than 20 months before filing a dispositive motion to challenge service. Plaintiff argues that it is "unfair" for defendant to raise the defect in service

---

[3] In theory, service on Howard, as Commissioner of the KVE, might have been sufficient service on defendant Scott. However, several cases suggest that the service might yet have been deficient to the extent that the single summons did not identify that service was intended to be on Scott in his individual - as opposed to official- capacity. Scott's affidavit attests that he has never been assigned to or worked at KVE headquarters, the office to which the summons was delivered.

at this late date.

The Kentucky cases cited by plaintiff do not support his position. For example, in *Greene v. Commonwealth*, 275 Ky. 637, 122 S.W.2d 523 (Ky. App. 1938), the court held that so long as a defendant raises the affirmative defense in his first pleading, he does not later waive that defense by defending on the merits. Although it is true that the defendant in that case raised the defense through a motion to dismiss and by special appearance, the Federal Rules of Civil Procedure do not require a defendant who otherwise has complied with Rule 12 by asserting the defense to further qualify his appearance. "Because the [Federal Rules of Civil Procedure] no longer require a special appearance..., making a general appearance does not alone constitute a waiver. . .." *Dreyer v. Exel Industries*, Inc. 2007 WL 1584205 (E.D. Mich. 2007)(quoting 2 Moore's Federal Practice 3d § 12.33[2] (2006); *see also Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 820 n. 4 (6th Cir. 1981)(noting that a "special appearance" to challenge jurisdiction is no longer necessary under the Federal Rules). A motion to dismiss for insufficient service of process is discretionary under the rule, so long as the defendant includes the defense in his answer he will generally avoid waiver.

The Sixth Circuit has held that where a defendant in his first pleading specifically contests the insufficiency of service of process, a subsequent appearance that fails to reiterate the defense does not operate as a waiver of the defect in service. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 n. 7 (6th Cir. 1991). In other words, the first pleading is determinative under Rule 12 of the Federal Rules of Civil Procedure. *Compare, e.g., Estate of Hellmann v. Kenton County Jailer*, 2007 WL 110730 (E.D. Ky. April 12, 2007)(defendant waived defect where answer admitted allegations against defendant "in her official capacity or individual capacity"). Here, defendant Scott specifically pleaded the defense of ineffective service in his

7

Answer. *See also generally Toler v. City of Cookeville*, 952 S.W.2d 831 (Tenn. App. 1997)(no waiver, summary judgment on defective service granted despite "general" appearance).

### C. Insufficiently Briefed Issues of Waiver and Effect on Counterclaim

Even though Scott technically preserved the defense of the defect in service in his Answer, the issue of whether Scott's subsequent conduct should constitute a waiver is extremely close. Supplemental briefing would benefit the court's analysis of the potential waiver. Notwithstanding the cases cited herein including *Friedman*, defendant Scott fully participated in fairly extensive discovery for more than a year, from its outset in March 2009[4] until its close in April 2010. Typically a motion to dismiss would be filed for any Rule 12(b) defense, including a defect in service. In fact, defendant Scott filed such a motion in his official capacity, yet inexplicably proceeded to wait until after discovery was closed prior to seeking judgment in his individual capacity based upon the defect in service.

In addition, neither party has provided the court with any significant discussion concerning the effect of Scott's assertion of a counterclaim under Rule 13. Rule 13(a)(1) mandates the filing of a "compulsory counterclaim" that arises out of the same transaction and does not require adding another party. However, Rule 13(a)(2) provides for an exception to this mandate if "the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction." Where a counterclaim is not compulsory because of an exception, it may nonetheless be filed as a permissive counterclaim.

This court has discovered no binding authority in the Sixth Circuit, but a broad perusal of relevant case law reflects a split in authority concerning the effect of a counterclaim upon a

---

[4] The parties did not file their Rule 26(f) report until March 10, 2009.

defense based upon a defect in service. *See S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007)(collecting cases, noting that neither a compulsory counterclaim nor a permissive counterclaim waives an objection to personal jurisdiction, if asserted in the same pleading); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op*, 812 F. Supp. 1139 (D. Kan. 1993)*; Campbell v. Bartlett*, 975 F.2d 1569, 1574 n. 8 (10th Cir. 1992)*; Media Duplication Services, Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1232 n. 2 (1st Cir. 1991); *Neifeld v. Steinberg*, 438 F.2d 423, 427 (3d Cir. 1971)(permissive counterclaim does not waive jurisdictional defense); *see also Gates v. Learjet Corp. v. Jensen*, 743 F.2d 1325, 1130 n.1 (9th Cir. 1984); *Lomanco, Inc. v. Missouri Pacific Railroad Co.,* 556 F. Supp. 846, 851 (E.D. Ark. 1983); 5C Wright & Miller, Fed. Practice & Procedure: Civil 3d §1397 (3d ed. 2004)("[T]he trend in more recent cases is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory"). *But compare Matter of Arbitration between InterCarbon Bermuda, Ltd. And Caltex*, 147 F.R.D. 64 (S.D.N.Y. 1993)(implying that permissive counterclaim may constitute a waiver of otherwise properly pleaded defect in service); *HTC Sweden AB v. Innovatch Products and Equipment Co.,* 2010 WL 2163122 (E.D. Tenn. May 27, 2010)(finding waiver where defendant had delayed filing motion, asserted multiple counterclaims, and joined additional parties through third-party claims).

The counterclaim potentially presents additional issues. For example, in the event that this court granted Scott's motion, would it be equitable or appropriate to retain jurisdiction over such a counterclaim? Or should such a counterclaim be considered somehow conditional in nature? Again, the parties have not briefed the issue although the court has discovered some case law from other jurisdictions suggesting that the counterclaim would remain. *See e.g., Matter of Arbitration between InterCarbon Bermuda, Ltd. and Caltex*, 146 F.R.D. 64; *Ritts v.*

*Dealers Alliance Credit Corp*., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997). If the counterclaim remains (and if this court finds it appropriate to retain supplemental jurisdiction over the state claim), equitable considerations may demand that the plaintiff be provided some opportunity to advocate for an extension of time to perfect service. *See Ritts v. Dealers Alliance Credit Corp*., 989 F. Supp. at 1478 (extending time to effect service in absence of good cause where defendant had filed a counterclaim). But if service yet can be perfected, why dismiss at all? In the interest of fairness and judicial efficiency, the court will require the parties to file additional briefs on this and other issues relating to the potential waiver.

### D. Dismissal Without Prejudice

Unlike the claims as to defendant Scott, there is no question that the Unidentified Officers named in their individual capacities have never been served or appeared in this litigation through counsel in any capacity. To the extent that the court finds insufficient service as to any defendant, plaintiff seeks dismissal without prejudice so that plaintiff "can immediately re-file" his complaint. Indeed, dismissal without prejudice is required under Rule 4(m). "If a defendant is not served within 120 days..., the court...*must* dismiss the action without prejudice...or order that service be made within a specified time." *Id.* (emphasis added). Nevertheless, such a dismissal does not automatically toll the statute of limitations. *See e.g., Friedman*, 929 F.2d at 1158 (refiling not permitted where claims were time-barred). "While the Court has the discretion to fashion appropriate relief for failing to effectuate service, exercising that discretion necessarily means that relief in the form of an extension is not afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service." *Turner v. Grant County Detention Center*, 2007 WL 1433930 at*2 (E.D. Ky. May 10,

2007);[5] *see also McCombs v. Granville Exempted Village School Dist*., 2009 WL 467066 (S.D. Ohio Feb. 24, 2009)(court declined to extend time for service, where plaintiffs improperly attempted to serve defendants by leaving copies with employees at defendants' place of business, and failed to remedy issue even after being made aware of dispute in effectiveness of service).

### III. Conclusion and Order

For the reasons discussed herein, **IT IS ORDERED THAT:**

1. Plaintiff shall show cause on or before **August 9, 2010** why the Unknown Police Officers of the Kentucky State Police should not be **dismissed without prejudice** based upon plaintiff's failure to timely amend his complaint and failure to perfect service within 120 days as required under Rule 4(m);

2. Either party may file supplemental memoranda concerning the issues discussed herein on or before **August 9.** Any responsive memoranda should be filed on or before **August 23, 2010**. Given the length of time the defendant's motion for summary judgment has been pending, NO EXTENSIONS TO THIS DEADLINE WILL BE GRANTED.

This the 27th day of July, 2010.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge

---

[5]The court takes judicial notice that the same counsel represented the plaintiff in *Turner*, in which certain defendants were dismissed for failure of service even though plaintiff's claims would otherwise be time-barred. In that case, the court determined that counsel's lack of bad faith in effecting timely service did not justify an extension of the 120 days allotted by Rule 4(m).