UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CIVIL ACTION NO. 08-110-JGW

JOHN COLEBROOK,                                                              PLAINTIFF

v.

KENTUCKY DEPARTMENT OF
MOTOR VEHICLE ENFORCEMENT, et al.,                         DEFENDANTS


**MEMORANDUM ORDER**

Defendant Mark Scott has asked for expedited consideration of his motion to strike plaintiff's notice of deposition of Dr. Travis Hunt [Doc. 98], which is set for February 18, 2011. Also pending is defendant's closely related objection to plaintiff's witness list. [Doc. 85]. For the following reasons, the objection to plaintiff's witness list will be sustained and the motion to strike notice of deposition will be granted.

**I. Factual and Procedural History**

Federal Rule of Civil Procedure 26(a)(3)(B) provides in relevant part that "[u]nless the court orders otherwise," disclosure of witnesses and exhibits "must be made at least 30 days before trial." In the order setting the final pretrial conference in this case, the Court stated that the time limits in Fed. R. Civ. P. 26(a)(2) and (3) must be "strictly observed" but "[t]ime deadlines therein shall be computed from the date of the final pretrial conference, rather than the trial." Doc. 74, p. 1. Since the final pretrial conference was scheduled for January 19, 2011, the parties' witness and exhibit lists were due by December 20, 2010. Without having first sought an extension of the deadline or leave to file belatedly, plaintiff filed his witness and exhibit lists

on January 2, 2011. [Docs. 80, 81]. Defendant filed an objection to plaintiff's lists, raising, among other grounds, the inarguable fact that the lists were filed approximately two weeks after the deadline for filing them had expired.

At the final pretrial conference, defendant again raised the issue of plaintiff's untimely witness and exhibit lists. At that time, the Court took defendant's objection under advisement until the Court had the opportunity to review an audio CD containing calls to dispatchers. Plaintiff listed the dispatch calls in his belated exhibit list; defendant's list did not mention the dispatch calls and defendant believed the calls should be excluded because they contain hearsay and because plaintiff's exhibit list was untimely filed. While the objection was still under submission, plaintiff filed a notice to take the deposition of Dr. Travis Hunt. [Doc. 97]. Defendant then filed the pending motion to strike that notice of deposition and requested an expedited ruling because the deposition was noticed for February 18, 2011. Thus, the Court ordered plaintiff to file his expedited response to the motion to strike by February 14, 2011. [Doc. 100].

Plaintiff's response states that "[t]his current case is a case of mass confusion from the Plaintiff's perspective . . . ." Doc. 104, p. 1. Plaintiff argues that he believed he only had to file his witness and exhibit lists fourteen days before the final pretrial conference. Plaintiff's counsel also states that his mother passed away on November 16, 2010, which caused plaintiff's counsel's son to become depressed, which cumulatively had a "dramatic effect upon the law practice of Plaintiff's Counsel . . . ." *Id.* at p. 6. Finally, plaintiff emphasizes that defendant suffered no prejudice from plaintiff's tardy filings because defendant was already aware of the dispatch tapes and the witnesses contained in plaintiff's belated witness and exhibit lists.

2

## II. Analysis

It is beyond question that plaintiff's witness and exhibit lists were untimely filed. The order setting a final pretrial conference clearly stated that "[e]xtensions of deadlines will be granted only upon motion and affidavit for good cause shown." Doc. 74, p. 4. Fed. R. Civ. P. 16(f)(1)(c) permits the Court to sanction a party for failing to obey a scheduling order. Moreover, Fed. R. Civ. P. 37(c) provides that if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or harmless." The question becomes, therefore, whether plaintiff has shown good cause or substantial justification for his tardy filings. Plaintiff bears the burden to show harmlessness. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Exclusion of testimony pursuant to Rule 37(c) is "automatic" unless the court finds the non-disclosure to be justified or harmless. *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004).

The only reason given by plaintiff's counsel for the tardy filings was unintentional oversight. Inadvertent oversight, however, is not the same as good cause or excusable neglect. The Court's scheduling order was clear and plaintiff has not shown any compelling reason why he could not easily have complied with the order's unambiguous requirements. The Court is not without sympathy to plaintiff's counsel's loss and related familial issues. But Mr. Nageleisen's mother passed away over one month before the deadline for filing plaintiff's witness and exhibit lists. Moreover, counsel did not seek an extension of time to file his lists due to his mother's passing or any related familial issue. And plaintiff's counsel's stated belief that he did not have to file his witness and exhibit lists until fourteen days prior to the final pretrial conference was

patently unreasonable since it directly contradicted the clear and unambiguous language of the Court's order and Rule 26. Plaintiff's attorney is an experienced practitioner in this Court who had been unequivocally cautioned by defense counsel that he would object to any late-filed witness or exhibit lists.

Perhaps defendant and his counsel were subjectively aware of the witnesses and exhibits contained in plaintiff's belatedly-filed lists. But defendant bears no burden to show prejudice. Rather, plaintiff bears the burden to show that his inexplicable noncompliance with the Court's scheduling order was either substantially justified or harmless. Plaintiff's proffered reasons for his noncompliance do not satisfy his burden to show that his failure to abide by the Court's scheduling order is either substantially justified or harmless. As the Eastern District of Louisiana held in a similar situation:

> Next, the defendants move to strike the plaintiff's witness and exhibits lists because they were similarly not timely filed. The deadline for filing witness and exhibit lists was July 27, 2001, and the plaintiff did not file his witness and exhibit lists until more than thirty days after the deadline. Again, the plaintiff did not seek an extension of time and he fails to give any reason for why the lists were filed well after the deadline. Instead, ignoring the Court's order, the plaintiff lamely asserts that he should be allowed to file his witness and exhibit lists after the known deadlines because the defendants have not shown that they would be prejudiced by a late filing. But the issue is unexcused noncompliance, not prejudice. Plaintiff's witness and exhibit lists filed after the Court's well-known deadline are hereby stricken . . . . The Court notes that the plaintiff may still take advantage of the defendants' witness and exhibit lists and may call any witness listed by defendants and use at trial any and all exhibits listed by them.

*Durgin v. Crescent Towing and Salvage, Inc.*, 2001 WL 36105571, at * 1 (E.D. La. Oct. 18, 2001). *See also Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

Having found that plaintiff has not shown good cause for his failure to comply with the Court's scheduling order, the Court must determine the proper sanction to impose. Fed. R. Civ.

4

P. 37(c)(1) provides the default, automatic sanction for a party's failure to comply timely with Rule 26(a) disclosures: "the party is not allowed to use that information or witness to supply evidence . . . at trial." The Court concludes that sanction is appropriate. Thus, plaintiff shall (with the exception of plaintiff himself) be permitted to call as witnesses only those persons appearing on defendant's timely-filed witness list and shall be permitted to use as exhibits only those documents listed as exhibits on defendant's timely-filed exhibit list.[1]

Dr. Hunt is not listed as a witness on defendant's witness list. Accordingly, plaintiff's motion to strike the deposition of Dr. Hunt shall be granted.

Accordingly, **IT IS ORDERED** that**:**

1. Defendant's objection to plaintiff's witness and exhibit lists [Doc. 85] is **sustained**. With the exception of plaintiff himself, plaintiff shall only be permitted to call as witnesses at trial any person named on defendant's witness list [Doc. 78] and plaintiff shall be permitted to use as an exhibit at trial only those exhibits set forth on defendant's exhibit list [Doc. 78]; and

2. Defendant's motion to strike the deposition of Dr. Travis Hunt [Doc. 98] is **granted** and;

3. The Court sua sponte **strikes** plaintiff's notice of deposition of Dr. Steven Mangine [Doc. 102] because Dr. Mangine is not named on defendant's witness list.

---

[1]Defendant did not list the contested dispatch tapes on his exhibit list, meaning that plaintiff will not be able to present them at trial. Thus, the question of whether the recordings are inadmissible hearsay is moot.

This the 15th day of February, 2011.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge